UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CHRINSTINA SILVERA, ) | |
| ) | |
| Plaintiff, ) | Case No. 24-4003-SLD-JEH |
| ) | |
| v. ) | |
| ) | |
| MAXIM HEALTHCARE STAFFING ) | |
| SERVICES, INC. and MABLEY FAMILY ) | |
| ASSOCIATION, INC. d/b/a JACK MABLEY ) | |
| DEVELOPMENTAL CENTER, ) | |
| | |
| Defendants. | |

**MOTION TO AMEND COMPLAINT**

**NOW COMES** Plaintiff CHRISTINA SILVERA ("Plaintiff"), by and through her undersigned counsel, and pursuant to Fed. R. Civ. P. 15(a)(1)(B), bringing this Motion to Amend Complaint, and in support thereof, stating as follows:

1. On January 3, 2024, Plaintiff filed a Complaint against Defendants Maxim Healthcare Staffing Services, Inc. ("Maxim") and Mabley Family Association, Inc. d/b/a Jack Mabley Developmental Center ("Mabley") seeking redress for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII")

2. Specifically, Plaintiff alleges that she was unlawfully discriminated against on the basis of her race in violation of Title VII.

3. On March 20, 2024, Mabley filed a Motion to Dismiss Plaintiff's claims ("Mabley's Motion") pursuant to Fed. R. Civ. P. 12(b)(6). [Dkt. 11]

4. Mabley's Motion contends that Plaintiff's claims against Mabley must be dismissed because Jack Mabley Developmental Center is a facility controlled and operated by the Illinois

1

Department of Human Services ("IDHS") and such facilities are not legal entities that can be sued. (Def. Mot. pg. 2-3)

5. Defendant is correct that Mabley is not an entity that can be sued because it is controlled and operated by the IDHS.

6. Given that the IDHS operates and controls Mabley's facility, the proper Defendant is the IDHS. *See Offor v. Ill. Dep't of Human Servs.,* 2013 U.S. Dist. LEXIS 6195, at *6 (N.D. Ill. 2013) (finding that the IDHS is suable because there is no Eleventh Amendment immunity to suits under Title VII) *citing Merheb v. Illinos State Toll Highway Authority,* 267 F.3d 710, 711 (7th Cir. 2001)

7. Accordingly, Plaintiff seeks to amend her complaint to (1) add the IDHS as a defendant; and (2) remove Mabley as defendant.

8. A plaintiff is entitled to amend the complaint once as a matter of right if it acts quickly enough and even after that time has expired, a court "should *freely* give leave to amend when justice requires so." *Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 943 (7th Cir. 2012) (emphasis added).

9. Here, Plaintiff has the right to amend her Complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1)(B) as the amendment is sought within 21 days of the filing of Mabley's Motion. *See* Fed. R. Civ. P. 15(a)(1)(B).

10. Plaintiff seeks to amend her complaint in good faith and this is Plaintiff's first request to amend her complaint

11. Based on the foregoing, the Court should grant Plaintiff leave to amend her complaint.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an order (1) granting Plaintiff 14 days to file her First Amended Complaint; (2) striking all briefing deadlines associated with Mabley's Motion; and (3) grant any further relief the Court deems just and proper.

Dated:  April 3, 2024                                            Respectfully submitted,


                                                                 /s/ *Mohammed O. Badwan*
                                                                 Mohammed O. Badwan, Esq.
                                                                 *Counsel for Plaintiff*
                                                                 Sulaiman Law Group, Ltd.
                                                                 2500 S. Highland Ave., Ste. 200
                                                                 Lombard, IL 60148
                                                                 Phone (630) 575-8180
                                                                 mbadwan@sulaimanlaw.com

**CERTIFICATE OF SERVICE**

    I, Mohammed O. Badwan, certify that on April 3, 2024, I caused the foregoing to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

                                            /s/ *Mohammed O. Badwan*